UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION** |
| | **NO.** |
| **VERSUS** | |
| | **JUDGE** |
| **ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC;** | **MAGISTRATE JUDGE** |

## COMPLAINT

Plaintiff Marquette Transportation Company Gulf-Inland, LLC ("Marquette") for its complaint for relief against Arroyo Terminals, LLC ("Arroyo Terminals") and Big Hog Energy, LLC ("Big Hog"), avers, upon information and belief, as follows:

1.

Marquette Transportation Company Gulf-Inland, LLC is a Delaware limited liability company with its principal place of business in St. Rose, Louisiana. Marquette is in the business of providing maritime transportation and related services.

2.

Arroyo Terminals, LLC is a Texas limited liability company with its principal place of business located at 21076 N. Reynolds, Rio Hondo, Texas, 78583. Arroyo Terminals is in the business of full service crude oil processing and owns a fleet of barges used to transport crude oil using barges in the Gulf Coast region.

3.

Big Hog Energy, LLC is a Texas limited liability company with its principal place of business located at 3323 Midland Dr. Suite 113, Midland, Texas 79707.

1

4.

Venue is proper in this Court according to 28 U.S.C. § 1391 because the actions related to extending credit to Arroyo Terminals as well as contract formation between Defendants and Marquette occurred in St. Rose, Louisiana.

5.

Subject matter jurisdiction is proper in this Court because this matter involves, among other things, a breach of an oral and maritime contract related to the chartering of a vessel. So, jurisdiction is proper according to 28 U.S.C. § 1333. This is an admiralty or maritime claim with the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

6.

Beginning in June 2024, Marquette entered into contract negotiations with Arroyo Terminals to charter the RISEN SAVIOUR. Arroyo Terminals indicated that it wished to charter a Marquette vessel for their crude oil barge transportation operations. At all material times, Arroyo Terminals represented and Marquette understood that it would be the vessel charterer(s).

7.

To that end, on June 13, 2024, Marquette sent a credit application to Arroyo Terminals based on their request to extend credit to them so that Marquette would agree to charter the vessel on credit.

8.

Next, on June 17, 2024, Arroyo Terminals sent Marquette financial statements for the six months ending May 31, 2024, which indicated Arroyo Terminals' checking/savings account balance and total assets. At that time, Arroyo Terminals stated that, "We really don't have any

2

large payables and all are paid within 30 days." Arroyo Terminals also represented in a phone call to Marquette that Arroyo Terminals had no debt.

9.

Then, on June 18, 2024, Arroyo Terminals sent Marquette a completed Business Credit Application for New Customers on behalf of Arroyo Terminals, which was signed by Arroyo Terminals on June 18, 2024. Again, this credit application was submitted by Arroyo Terminals to Marquette to get credit so that they could charter a Marquette vessel for barge transportation.

10.

During this process, Marquette completed a credit check on Arroyo Terminals as well as reviewed Arroyo Terminals' financial statements.

11.

During that same time, based on the information provided by Arroyo Terminals, Marquette relied on Arroyo Terminals' financial representations and agreed to charter the vessel to Arroyo Terminals. To that end, Marquette sent a Fully Found Charter to Arroyo Terminals for review. Arroyo Terminals responded, "The terms of the Charter Agreement seem very straight forward and are acceptable." Arroyo Terminals noted the only question was the start date.

12.

Next, on August 27, 2024, Arroyo Terminals contacted Marquette about finalizing the Fully Found Charter for barge transportation.

13.

On or about August 29, 2024, Marquette sent the Fully Found Charter to Arroyo Terminals adding the vessel's name RISEN SAVIOUR, the day rate, and hire date from September 1, 2024, to August 31, 2025.

14.

On August 31, 2024, Arroyo Terminals returned the Fully Found Charter to Marquette via the assisting broker.  When Arroyo Terminals returned the charter, Arroyo inserted the charterer of the vessel as Big Hog, a company that had not been involved in the negotiation process and at no time subject to a credit check or financial review by Marquette.  Big Hog was inserted into the Fully Found Charter at the last minute with no comment or notice to Marquette.  Marquette believed that it was contracting with Arroyo Terminals and relied on Arroyo Terminals credit and representations that it was financially capable of paying all amounts of charter hire.

15.

On September 2, 2024, Marquette sent the on-hire details to Arroyo Terminals for the RISEN SAVIOUR.

16.

On September 2, 2024, Arroyo Terminals responded to Marquette and stated, "Great to [sic] working with you on this charter, looking forward to long and successful relationship." Arroyo Terminals then asked that periodic invoices be sent to several Arroyo Terminals contacts. No mention was made of Big Hog having any financial responsibility for the charter hire.

17.

According to the parties' Fully Found Charter, Defendants agreed to pay Marquette charter hire for the charter of the vessel. Defendants' payments were due to Marquette within thirty (30) days of invoice.  When Marquette requested status of payment of amounts due, Defendants refused to pay Marquette and have attempted to rely on Defendants' last minute change of the wording to the Fully Found Charter in which Defendants surreptitiously inserted Big Hog into the Fully Found

Charter, which action was made by Defendants to avoid financially responsibility for the Fully Found Charter contrary to parties' oral and written communications.

18.

Marquette faithfully performed all of its obligations under the Fully Found Charter.

19.

Defendants have not performed their obligations under the Charter because Defendants have not paid Marquette the amount they owe for the services performed.

20.

In accordance with the Fully Found Charter, Defendants owe Marquette in excess of $1,000,000, plus interest, attorney's fees and costs.

## Breach of Contract

21.

Marquette realleges the allegations contained in Paragraphs 1-20 of the Complaint.

22.

The aforementioned acts constitute an intentional breach of contract(s) by Defendants. Marquette orally and in writing contracted with Defendants to provide charter services to Defendants including for hire to be paid to Marquette within thirty (30) days of Defendants being invoiced, and Defendants agreed to pay for the hire of the vessel. Defendants failed to do such.

23.

Marquette is entitled to all actual and consequential damages as a result of Defendants' breach. Additionally, Marquette is entitled to all contractual damages including attorney's fees, interest, and all other costs related to this suit, under all applicable laws and state and/or federal statutes.

## Detrimental Reliance

24.

Marquette realleges the allegations of Paragraphs 1-20 of the Complaint.

25.

Marquette is entitled to recover all damages suffered under the equitable doctrine of detrimental reliance.  Marquette relied to its detriment upon Arroyo Terminals' intentional and/or negligent misrepresentations that Arroyo Terminals were the parties seeking credit, desired to charter the Marquette vessel, and would pay Marquette for the charter hire.

## Unjust Enrichment

26.

Marquette realleges the allegations contained in Paragraphs 1-20 of the Complaint.

27.

Defendants have been unjustly enriched for their use of the vessel without having paid for its charter hire.

28.

Marquette is entitled to all actual and consequential damages as a result of Defendants' actions.  Additionally, Marquette is entitled to all contractual damages including attorney's fees, interest, and all other costs related to this suit, under all applicable laws and state and/or federal statutes.

## Fraudulent Inducement and Misrepresentation

29.

Marquette realleges the allegations contained in Paragraphs 1-20 of the Complaint.

30.

The aforementioned acts constitute fraudulent inducement, intentional and/or negligent misrepresentation, and other tortious acts by Defendants. Marquette engaged in contract negotiations solely with Arroyo Terminals. Marquette conducted credit checks and reviewed financial statements of Arroyo Terminals. Marquette sent the charter agreement to Arroyo Terminals for execution. However, the contract was instead executed by Big Hog, a last-minute change by Defendants with no notice, discussion, and/or approval by Marquette. Defendants knew that its decision to enter into the charter with Marquette was made by Marquette only on the basis of the financial condition of Arroyo Terminals and that Marquette would not have chartered the vessel to Defendants absent Arroyo Terminals' representations to Marquette of its creditworthiness. Defendants intentionally made this change to the charter with the intent to avoid a financial responsibility and at all times during the chartering process intentionally misled Marquette that they would be chartering the vessel and no other party.

31.

Marquette is entitled to all actual and consequential damages as a result of Defendants' actions. Additionally, Marquette is entitled to all contractual damages including attorney's fees, interest, and all other costs related to this suit, under all applicable laws and state and/or federal statutes.

**<u>Contract Reformation</u>**

32.

Marquette realleges the allegations of Paragraph 1-20 of the Complaint.

33.

Marquette submits that due to Defendants' tortious acts, fraud, and/or misrepresentations that caused Marquette to execute the Fully Found Charter, the Charter should be reformed to name Arroyo Terminals as the chartering party in place of Big Hog.

## Louisiana Open Account

34.

Marquette realleges the allegations of Paragraphs 1-20 of the Complaint.

35.

According to Louisiana Revised Statute 9:2781, Marquette is entitled to recovery of all sums due it by Defendants, plus attorney's fees, interest, and costs.

## Damages

36.

Marquette realleges the allegations of Paragraphs 1-20 of the Complaint.

37.

Marquette shows that its damages include, but are not necessarily limited to, the following:

A.      Charter hire and expenses – in excess of $1,000,000;

B.      Interest;

C.      Attorney's fees; and

D.      All other expenses of this lawsuit.

WHEREFORE, Marquette Transportation Company, LLC prays that, after due proceedings are had, there be judgment entered in its favor and against Arroyo Terminals, LLC and Big Hog Energy, LLC for damages sufficient to compensate it for Big Hog's and Arroyo Terminal's breach of contract, unjust enrichment, detrimental reliance, intentional misconduct and

8

negligence, fraudulent inducement, and/or misrepresentation, and failure to pay on open account; for all equitable relief according to the equitable doctrines set forth herein and all damages to which it is entitled under these equitable doctrines; that all appropriate costs and expenses for prosecuting this action be taxed as costs and awarded to Marquette at the conclusion of these proceedings; and for all attorney's fees incurred.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Evans Martin McLeod*
       Evans Martin McLeod (Bar #24846)
       Claire A. Campbell (Bar #41181)
       Canal Place | 365 Canal Street, Suite 2000
       New Orleans, Louisiana 70130-6534
       Telephone: 504-566-1311
       Telecopier: 504-568-9130
       Email: Marty.Mcleod@phelps.com
             Claire.Campbell@phelps.com

ATTORNEYS FOR PLAINTIFF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC