**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION NO. 2:25-cv-00651** |
| **VERSUS** | **JUDGE SUSIE MORGAN** |
| **ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT JUDGMENT

NOW INTO COURT, Plaintiff Marquette Transportation Company Gulf-Inland, LLC ("Marquette"), through undersigned counsel, who pursuant to Federal Rule of Civil Procedure 55(b), respectfully requests that this Court enter a default judgment against Defendants Arroyo Terminals, LLC ("Arroyo Terminals") and Big Hog Energy, LLC ("Big Hog") because it has failed to plead or otherwise defend Marquette's Complaint.

As set forth below, Marquette respectfully requests that this Court enter a Default Judgment as prayed for herein, and for all other general and equitable relief to which Marquette may be entitled.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of a breach of charter agreement, the Fully Found Charter (the "Charter").[1] Marquette is in the business of providing maritime transportation and related services. Marquette provided these services to Arroyo Terminals and Big Hog and provided periodic

[1] Exhibit A, The Fully Found Charter.

invoices for services rendered. At present, there remain three outstanding invoices to Arroyo Terminals and unpaid charter hire in the total amount of 1,705,672.18.[2]

On April 4, 2025, Marquette filed its Complaint in this Court. Rec. Doc. 1.

On April 7, 2025, the Clerk issued summons to Arroyo Terminals and Big Hog, via their respective registered agents for service of process. Rec. Doc. 3.

Arroyo Terminals and Big Hog were served with the Summons and Complaint on April 10, 2025 (Rec. Doc. 7), which made their answer due twenty-one days later, on May 1, 2025, in accordance with Federal Rule of Civil Procedure 12.

To date, Arroyo Terminals and Big Hog have failed to plead or otherwise defend the Complaint.

In accordance with Federal Rule of Civil Procedure 55(a), when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. On May 2, 2025, Marquette filed its Application to Clerk for Entry of Default, along with its supporting affidavit, requesting the clerk enter a default against Arroyo Terminals and Big Hog. Rec. Doc. 9.

On May 7, 2025, the clerk issued an Entry of Default against Arroyo Terminals and Big Hog. Rec. Doc. 10.

## II. LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 55(b)(1), where a plaintiff's claim is for a sum certain and is verified by an affidavit showing the amount due, the clerk must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing. Fed. R. Civ.

[2] *Id.*; Exhibit B, Invoices Issued under the Fully Found Charter.

P. 55(b)(1). The Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaints within the time period. Fed. R. Civ. P. 55(b)(2).

Before seeking a default judgment, the plaintiff must petition the clerk for entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, 2018 U.S. Dist. LEXIS 236763, at *1 (E.D. La. Mar. 29, 2018). Once the clerk has entered a default, a plaintiff may move for a default judgment under Rule 55. *Meyer v. Bayles*, 559 Fed. Appx. 312, 313 (5th Cir. 2014).

The Fifth Circuit has set forth a two-part test to determine whether a default judgment should be entered. First, a court must find that the entry of default judgment is procedurally proper, considering several factors such as:

> [W]hether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by good faith mistake or excusable reflect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey v. Prive Corp.*, 161 F.2d 886, 893 (5th Cir. 1998); *see also Chhorn v. XXL Collision, LLC*, No. 23-1774, 2025 U.S. Dist. LEXIS 77013, at *7 (E.D. La. Apr. 23, 2025) (Morgan, J.). Second, a court must assess the merits of the claims and find a viable claim for relief. *Chhorn*, 2024 U.S. Dist. LEXIS 77013, at *7 (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

On a motion for default judgment, the court must accept the well-pleaded factual allegations in the plaintiff's complaint. *Id.*

**a. Default Judgment is Procedurally Proper and Plaintiff's claims are Meritorious**

Marquette has satisfied the requirements of Rule 44(a), as the clerk has issued an entry of default against Arroyo Terminals and Big Hog. Rec. Doc. 10. Additionally, under the *Lindsey* factors, a default judgment is procedurally justified in this case.

Arroyo Terminals and Big Hog have not filed any pleadings or defenses, nor has it made any appearance in this lawsuit. Thus, the material facts alleged by Marquette should be taken as true and are not at issue. *Hancock Whitney Bank v. ECS Exec. Corp. Servs.*, No. 4:21-CV-0093232, 2022 U.S. Dist. LEXIS 76197, at *3 (S.D. Tex. Apr. 25, 2022) (quoting *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015)). Moreover, Marquette's interests are prejudiced by Arroyo Terminals' and Big Hog's lack of response to this action, which threatens to bring this adversary process to a halt. *See Chhorn*, 2025 U.S. Dist. LEXIS 77013, at *9 ("The Court finds a default judgment is procedurally justified in this case, as 'the adversary process has been halted because of an essentially unresponsive party."). Third, the grounds for default are clearly established as Defendants have failed to plead or otherwise defend this case. Fourth, there is no indication that Defendants' default was caused by good faith mistake or excusable neglect. Fifth, more than one month has passed since this lawsuit was filed. Defendants have had ample time to answer but have not responded to the Complaint, mitigating any harshness from the default judgment. Sixth, Marquette submits that there is no "good cause" to set aside the default judgment if challenged.

Additionally, Plaintiff's claims are meritorious. This Court must assess whether Marquette has sufficiently plead facts in its complaint to entitle Marquette to relief. *Id*. (citing *Wooten*, 788 F.3d at 496). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and

plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, Marquette has sufficiently pled to entitle Marquette to relief.

Under Louisiana's Open Account Statute:

> When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment is rendered in favor of the claimant.

La. Rev. Stat. § 9:2781. An open account "includes any account for which a part or all of the balance is due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions." *Id.* § 8:2781(B)*; see also Tempest Storm Rentals, LLC v. Asomeo Env't Restoration Indus. LLC*, No. 24-2421, 2025 U.S. Dist. LEXIS 80768 (E.D. La. Apr. 28, 2025).

In Louisiana, a breach of contract claim has three "essential" elements: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the oblige." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. Ct. App. 2011).

Here, Marquette has established that it contracted with Arroyo Terminals and Big Hog to provide services, and Marquette did in fact provide said services. Rec. Doc. 1. Marquette provided chartering services of the RISEN SAVIOR to Arroyo Terminals, at Arroyo Terminals' request, and issued three invoices related to those services. Rec. Doc. 1.[3] Marquette made amicable demands for payment of these invoices, more than thirty days before the lawsuit was filed.[4] Arroyo Terminals and Big Hog Energy have failed to pay their open account within thirty days of receiving amicable demand for same, and within thirty days of being served with this lawsuit. Thus, as none

[3] Exhibit B, Invoices Issued under the Fully Found Charter.
[4] Exhibit C, Demand Letter to Big Hog, Dated January 22, 2025.

of the above facts are in dispute, and all factors related to Marquette's breach of contract claim and recovery under the Louisiana Open Account Statute have been satisfied, Marquette has established a viable and meritorious claim. Therefore, Marquette is entitled to its damages caused by Arroyo Terminals and Big Hog.

**b. Damages**

A defendant's default concedes the truth of the allegations of the complaint concerning liability, but not damages. *United States v. Shipco Gen. Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). If the court finds that default judgment is appropriate, it must "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *Seiler Tucker Inc. v. Genie, Invs.*, No. 23-7288, 2025 U.S. Dist. LEXIS 52257, at *6. (E.D. La. Mar. 21, 2025). The court may rely on affidavits and/or documentary evidence to determine the appropriate sum for the default judgment. *Id*. Ordinarily, damages can only be awarded through a hearing or a demonstration by affidavit detailing the necessary facts. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if "the amount of damages and/or costs can be determined with certainty by reference to the pleadings and supporting documents, and when a hearing would not be beneficial, a hearing is unnecessary. *Ins. Co. v. H&G Contrs., Inc.*, No. C-10-390, 2011 U.S. Dist. LEXIS 114940, at *15 (S.D. Tex. Oct. 5, 2011) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

Under the Fully Found Charter, Marquette is entitled to [redacted] plus reimbursement for costs for fuel, lube oil, and excise taxes for the duration of the initial term.[5] The initial term began on the delivery date of on or around September 1, 2024 and continues up to and including August 31, 2025.[6] At the time of this filing, the principal sums sought herein amount to $1,603,666.78. The Fully Found Charter also entitles Marquette to interest accruing at a rate of

[5] Exhibit A, Fully Found Charter, at p. 1
[6] *Id*.

1.5% per month for payments not timely made.[7] Interest owed under the Charter totals $103,005.40 for a grand total under the Charter of $1,705,672.18.

Moreover, under the Fully Found Charter and the Louisiana Open Account Statute, Marquette is entitled to attorneys' fees.[8] To date, and as verified in the attached affidavit, Marquette has incurred $11,753.71 in attorneys' fees and costs related to prosecution and collection of the amounts owed on open account.[9] Marquette also requests all applicable court costs.

Under 28 U.S.C. § 1961, Marquette is entitled to post judgment interest. 28 U.S.C. § 1961(a). Post-judgment interest compounds annually. *Craig v. GACP II, L.P.*, No. 3:19-cv-0058-G, 2022 U.S. Dist. LEXIS 97373, at *4 (N.D. Tex. June 1, 2022). Courts award post judgment interest "on the entire amount of the final judgment, including damages, pre-judgment interest, and attorney's fees." *Fuchs v. Lifetime Doors, Inc.*, 939 F.2d 1275, 1280 (5th Cir. 1991). The current amount of post-judgment interest is yet to be determined, but Marquette respectfully prays that the Court includes post-judgment interest at the statutory rate as part of the judgment to be entered.

## III. <u>CONCLUSION</u>

WHEREFORE, Marquette respectfully prays that the Court enter a default judgment as prayed for herein, and for all other general and equitable relief to which Marquette may be entitled.

---

[7] *Id*.

[8] *Id*. at p. 4. ("In the event either party defaults hereunder, and the other party must seek judicial enforcement of his Charter, the defaulting party shall be liable to the non-defaulting party for expenses actually incurred and paid which include but may not be limited to the non-defaulting party for expenses actually incurred and paid which include but may not be limited to reasonable attorney's fees, court costs, and other expenses of collection of any sums due hereunder.").

[9] Exhibit D, Affidavit of Evans Martin McLeod.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Claire A. Campbell*
Evans Martin McLeod (Bar #24846)
Claire A. Campbell (Bar #41181)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: marty.mcleod@phelps.com
Email: claire.campbell@phelps.com

**ATTORNEYS FOR PLAINTIFF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**