**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**

**VERSUS**

**ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC**

**CIVIL ACTION NO. 2:25-CV-00651**

**JUDGE SUSIE MORGAN**

**MAGISTRATE JUDGE JANIS VAN MEERVELD**

**OPPOSITION TO DEFENDANT ARROYO TERMINALS, LLC'S**
**MOTION TO STRIKE UNDER F.R.C.P. 12(f)**

Plaintiff Marquette Transportation Company Gulf-Inland, LLC ("Marquette") respectfully opposes defendant Arroyo Terminals, LLC's ("Arroyo") motion to strike under Federal Rule of Civil Procedure 12(f). Arroyo's motion to strike relies on inapplicable rules that have no bearing on the issue at hand. Additionally, Marquette's opposition and attached exhibit are highly relevant. For these reasons, Marquette respectfully submits that Arroyo's motion should be denied.

At this stage of the case, the Court is familiar with both the factual and legal background, which will not be repeated here. Presently before the Court is Arroyo's motion to strike under Rule 12(f). Arroyo seeks to strike an exhibit, and any discussion thereof, that Marquette attached in its opposition to Arroyo's motion to file out of time. In addition to raising inapplicable legal standards, Arroyo uses this time to try to relitigate the merits of both the underlying suit, and arguments not originally raised in Arroyo's motion to set aside.[1]

---

[1] Arroyo also, again, uses the word "forgery" in attempting to characterize Marquette's position. Rec. Doc. 26, at pp 1-2. At no time has Marquette ever alleged Arroyo of forgery. In fact, the only time instance any allegations regarding forgery have been made, have been by Arroyo. *See* Rec. Doc. 26-1, at p. 1; Rec. Doc. 25, at pp. 1-2; Rec. Doc. 22, at p. 2.



PD.53468602.1

Arroyo moves to strike under Federal Rule of Civil Procedure 12(f). Rule 12(f) states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Importantly, Rule 12(f) does not apply in this instance. Critically, the plain text of 12(f) only applies to *pleadings*. Under the Federal Rules, pleadings are limited to complaints, answers to complaints, answers to counterclaims, answers to crossclaim, third party complaints, answers to third party complaints, and court-ordered replies to answers. Fed. R. Civ. P. 7(a)(1)-(7); *see also Girod Titling Tr. v. Pittman Assets, LLC*, No. 24-1993, 2024 U.S. Dist. LEXIS 185873, at *9 (E.D. La. Oct. 11, 2024). An opposition to a motion is not a pleading under the Federal Rules and therefore cannot be subject to strike under Rule 12(f). *See Girod Titling Tr.*, 2024 U.S. Dist. LEXIS 185873, at *9 (holding that a motion to remand is not a pleading under the Federal Rules and thus may not be appropriately stricken under Rule 12(f) and denying the motion). As a result, Rule 12(f) has no application on Arroyo's present motion to strike.

Arroyo also argues Marquette's opposition should be stricken under Federal Rules of Evidence 404 and 609. But Arroyo miscategorized Marquette's opposition. Marquette is not seeking to introduce the indictment into evidence and therefore the Federal Rules of Evidence do not apply. *See* Fed. R. Evid. 404 (stating that character evidence is "not admissible"); Fed. R. Evid. 609 (describing which criminal convictions "must be admitted").

Marquette included the indictment to merely bring to the court's attention a document that is a matter of public record—of which the court may take judicial notice. *E.g.*, *Miller v. Dunn*, 35 F.4th 1007, 1013 (5th Cir. 2022) (holding that judicial notice may be taken of another court's docket); *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (affirming judicial notice of

publicly available documents). Marquette did not present the allegations contained within the indictment as true,[2] but the existence of the indictment is an objective fact.

More importantly, the Court may consider the indictment is also relevant to the issues in Arroyo's motion. Arroyo appeared in this litigation after judgment was entered and attempts to assert serious and unfounded accusations of misconduct against Marquette. Arroyo does so relying in large part on Arroyo's representative, James Jensen.[3] Mr. Jensen is the subject of the indictment at issue and the indictment directly alleges that Mr. Jensen used Arroyo in furtherance of his alleged criminal activity. This indictment is relevant so that this Court may assess the motive and credibility, if any, of the statements proffered by Arroyo and Mr. Jensen. Through its consideration of the indictment, the Court can place in broader context Mr. Jensen's statements, which ensures a more informed and balanced evaluation of the credibility of the allegations made by Arroyo.

In sum, Arroyo fails to submit any legally sufficient basis why from the Court's docket Mr. Jensen's criminal indictment that references his use of Arroyo as a part of his activity should be stricken. For these reasons, Arroyo's motion to strike should be denied.

[2] Rec. Doc. 25, at p. 9 ("Mr. Jensen himself is currently under federal indictment for *allegedly* using Arroyo in furtherance of criminal acts connected to a Mexican cartel designated as a foreign terrorist organization." (emphasis added)).

[3] Rec. Doc. 20-4; Rec. Doc. 20-6; Rec. Doc. 22, at p. 2; Rec. Doc. 26, at p. 1 n.1.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: */s/ Claire A. Campbell*
Evans Martin McLeod (Bar #24846)
Claire A. Campbell (Bar #41181)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email: marty.mcleod@phelps.com
Email: claire.campbell@phelps.com

**ATTORNEYS FOR PLAINTIFF MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**