## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC,**  **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO.  25-651** |
| **ARROYO TERMINALS, LLC, ET AL.,**  **Defendants** | **SECTION: "E" (1)** |

## ORDER AND REASONS

Before the Court is a motion for relief from judgment filed by Arroyo Terminals, LLC ("Defendant").[1] Marquette Transportation Company Gulf-Inland, LLC ("Plaintiff") filed an opposition.[2] Defendant filed a reply.[3]

## BACKGROUND

This matter arises out of a charter agreement and Defendants' alleged breach thereof. On April 4, 2025, Plaintiff filed its complaint asserting claims for breach of contract, detrimental reliance, unjust enrichment, fraudulent inducement and misrepresentation, contract reformation, and Louisiana open account.[4] On April 7, 2025, the Clerk issued summonses to Defendant and Big Hog Energy, LLC ("Big Hog") addressed to their respective registered agents for service of process.[5] The registered agents for Defendant and Big Hog were served with a summons and complaint on April 10, 2025, making both defendants' responsive pleadings due twenty-one days later on May 1, 2025.[6] On April 28, 2025, counsel for Plaintiff received an email from Defendant's

---

[1] R. Doc. 20.
[2] R. Doc. 21.
[3] R. Doc. 29.
[4] R. Doc. 1.
[5] R. Doc. 3.
[6] R. Doc. 7.

attorney requesting an extension of time to file an answer.[7] Plaintiff did not consent to an extension and ultimately requested that Defendant file a responsive pleading.[8]

Defendant and Big Hog never filed responsive pleadings. As a result, Plaintiff moved for entry of clerk's default against both Defendant and Big Hog on May 2, 2025,[9] which the Clerk granted on May 7, 2025.[10] On May 9, 2025, Plaintiff moved for default judgment against Defendant and Big Hog.[11] On May 15, 2025, this Court set a June 23, 2025 hearing on the motion to confirm the default judgment.[12] The Clerk sent notice of this hearing to the registered agents of Defendant and Big Hog via certified mail.[13] Representative of Defendant and Big Hog failed to appear for the hearing.[14] After hearing live testimony from Plaintiff's witness, Kendall Chauvin, this Court entered a default judgment in favor of Plaintiff against Defendant and Big Hog.[15]

On August 6, 2025, Defendant, filed this Motion for Relief from Default Judgment.[16] Defendant argues its default was not due to willful disregard, but excusable neglect. Specifically, Defendant claims it did not file a responsive pleading because it did not believe it had been properly served and because a federal seizure of its assets rendered Defendant unable to obtain counsel or respond to legal correspondence.[17] In addition, Defendant claims that Plaintiff misrepresented material facts to the Court and that relief from judgment is in the interests of justice.[18]

---

[7] R. Doc. 21-2.
[8] *Id.*
[9] R. Doc. 9.
[10] R. Doc. 10.
[11] R. Doc. 11.
[12] R. Doc. 14.
[13] R. Doc. 14-1.
[14] R. Doc. 17.
[15] R. Doc. 18.
[16] R. Doc. 20.
[17] R. Doc. 20-4 at p. 3.
[18] *Id.* at pp. 4, 5.

In opposition, Plaintiff argues Defendant's default was in fact willful, as Plaintiff served process on Defendant's registered agent and Defendant was aware of Plaintiff's suit.[19] Furthermore, Plaintiff argues that inability to obtain counsel does not excuse a party's failure to file a responsive pleading.[20] Plaintiff also argues that Defendant's misrepresentation claim masks an improper attempt to litigate the merits of the case in this motion.[21] Finally, Plaintiff argues that granting Defendant's motion is not in the interests of justice.[22]

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 55(c), the Court may set aside a default judgment under Rule 60(b), which provides a mechanism for a party to obtain relief from a final judgment via six alternative grounds for relief. Rule 60(b) states that a court, "[o]n motion and just terms," may "relieve a party or its legal representative from a final judgment, order, or proceeding" due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[23]

The purpose of Rule 60(b) "is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts."[24] As the

---

[19] R. Doc. 21 at p. 4.
[20] *Id.* at p. 7.
[21] *Id.* at p. 9.
[22] *Id.* at p. 13.
[23] Fed. R. Civ. P. 60(b)(1)-(6).
[24] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

moving party, Defendant has the burden of showing why the Court should vacate the Court's prior judgment.[25] The determination of whether Defendant has satisfied its burden lies within this Court's sound discretion.[26]

Importantly, entries of default judgments are "generally disfavored" by federal courts.[27] However, this general policy is "counterbalanced by considerations of social goals, justice and expediency, a weighing process that ties largely within the domain of the trial judge's discretion."[28] "If there are no countervailing equities such as a legitimate claim of prejudice that would arise from setting aside the default, 'any doubt should, as a general proposition, be resolved in favor of the [party moving to set aside the default] to the end of securing a trial upon the merits."[29]

## <u>LAW AND ANALYSIS</u>

### I.    Defendant is Entitled to Relief from Judgment Under Rule 60(b)(1).

Defendant first argues that it is entitled to relief under Rule 60(b)(1), as its failure to timely file a responsive pleading was due to mistake, inadvertence, surprise or excusable neglect.[30] Defendant does not dispute that Plaintiff served process on its registered agent on April 10, 2025. However, Defendant argues that it did not receive a copy of the service of process because the registered agent did not have Defendant's updated contact information and was unable to forward the complaint to Defendant.[31] Defendant claims these circumstances constitute excusable neglect.[32]

---

[25] *See id. at 641.*
[26] *Id. at 638.*
[27] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000).
[28] *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).
[29] *Pelican Renewables 2, LLC v. Directsun Solar Energy & Tech., LLC* , 325 F.R.D. 570, 575 (E.D. La. 2016)(quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960)).
[30] R. Doc. 20-4 at p. 3.
[31] *Id.*
[32] *Id.*

Rule 60(b)(1) allows a Court to set aside a default judgment that is caused by a defendant's "mistake, inadvertence, surprise, or excusable neglect."[33] In determining whether Rule 60(b)(1) applies, a court should consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[34] "A finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding."[35] In *Lacy v. Sitel Corp.*, the Fifth Circuit held that a defendant's default was not willful even though the defendant was properly served, aware of the allegations against it, and still failed to file a responsive pleading.[36] In support of this holding, the Fifth Circuit reasoned that the defendant had made repeated contacts with the plaintiff in an attempt to resolve the suit and communicated its belief that the plaintiff had not effected proper service on defendant.[37]

### A.    Defendant's Default Was Not Willful.

Defendant's default in this matter was not willful. Plaintiff argues that because Defendant was properly served and aware of Plaintiff's lawsuit filed against it, Defendant's default was willful. Specifically, Plaintiff claims that in addition to properly serving Defendant, it provided Defendant with a courtesy copy of the complaint via email.[38] Plaintiff further states that Defendant's "legal counsel" reached out to Plaintiff on behalf of Defendant on April 28, 2025 seeking an extension of time to file a responsive pleading.[39] Furthermore, Plaintiff argues that Defendant should have realized it had been

---

[33] Fed. R. Civ. P. 60(b)(1).
[34] *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008).
[35] *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).
[36] 227 F.3d 290, 293 (5th Cir. 2000).
[37] *Id.*
[38] R. Doc. 21 at p. 6.
[39] *Id.*

properly served once the affidavit of service of process on Defendant was filed into the record.[40] Plaintiff argues these circumstances demonstrate that Defendant was aware of Plaintiff's suit against it, and that its default was willful.

Defendant argues its default was not willful as it did not believe it had been properly served.[41] While Defendant does not dispute that Plaintiff did in fact serve its registered agent, Defendant claims to have had no actual knowledge of this service at the time or when it was required to file a responsive pleading because its registered agent did not forward the pleadings to Defendant.[42] While the agent's failure to forward the pleadings to Defendant does not render service improper, it does demonstrate that Defendant reasonably believed it did not have a duty to file a responsive pleading.[43] Furthermore, as in *Lacy*, Defendant's "legal counsel" reaching out to Plaintiff to discuss settling the claims and to seek an extension to file a responsive pleading demonstrates a willingness to participate in the litigation that is inconsistent with willful default.[44] The Court concludes that Defendant did not willfully default, but rather believed it was not required to respond to Plaintiff's complaint due to a mistaken belief it had not been served. In *Lacy*, such a mistake mixed with significant contacts between the parties demonstrated a lack of willful default;[45] these considerations justify the same result in this

---

[40] *Id.*

[41] R. Doc. 21 at p.6.

[42] R. Doc. 20-4 at p. 3.

[43] Plaintiff cites several cases for the proposition that a registered agent's failure to forward service of process to a defendant does not justify a defendant's failure to file a responsive pleading. *Celeritech Int'l Corp. v. Superstar Holdings, Inc.*, 348 F.R.D. 127, 137 (S.D. Fla.Nov. 19, 2024); *Hudson v. Dunn*, No. 1:23-cv-00791, 2025 WL 1132329, at *23 (E.D. Va. Jan 13, 2025). However, these cases are from courts outside of this circuit and are non-binding on this Court. Moreover, *Lacy*, which is binding on this Court, holds that a Defendant's default may not be willful even if it is properly served and aware of the allegations against it. 227 F.3d 290, 293 (5th Cir. 2000).

[44] 227 F.3d 290, 293 (5th Cir. 2000).

[45] *Id.*

matter. Accordingly, the Court holds that Defendant's default in this matter was not willful.

### B.    Plaintiff Will Not Face Prejudice from Setting Aside the Default Judgment.

The next factor to consider under a Rule 60(b)(1) analysis is whether the non-moving party will face prejudice from setting aside the default judgment.[46] "There is no prejudice to the plaintiff whe[n] 'the setting aside of the default has done no harm to the plaintiff except to require it to prove its case.'"[47]

Plaintiff does not identify any prejudice it will face from the Court's setting aside the default judgment against Defendant. While Plaintiff may be inconvenienced by having to litigate its claims against Defendant on the merits, requiring a party to prove its claims does not qualify as prejudice.[48] Moreover, Plaintiff brought these claims only eight months ago, and received an entry of default judgment against Defendant and Big Hog only six months ago. Plaintiff has not spent years awaiting resolution to its claims. Accordingly, Plaintiff will not face prejudice from an order setting aside the default judgment.

### C.    Defendant Has Presented a Meritorious Defense.

Finally, the Court will look to whether Defendant presented a meritorious defense. A defense is meritorious if it contains "even a hint of suggestion which, proven at trial, would constitute a complete defense."[49] "In fact, even 'broad and conclusory' allegations meet the meritorious defense criterion for setting aside an entry of default."[50]

---

[46] *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008).
[47] *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000) (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir.1960)).
[48] *Id.*
[49] *Side by Side Redevelopment, Inc. v. City of New Orleans*, No. CIV.A. 09-03861, 2010 WL 375237, at *3 (E.D. La. Jan. 25, 2010).
[50] *Howard v. United States*, No. CIV. A. 93-1520, 1993 WL 353506, at *3 (E.D. La. Sept. 8, 1993)(quoting *Keegel v. Key West & Caribbean Trading Co.*, Inc., 627 F.2d 372, 374 (D.C. Cir. 1980)).

Defendant has satisfied this low standard. Defendant argues that, although Defendant initially negotiated with Plaintiff regarding entering the charter agreement, it ended these negotiations, at which point Plaintiff elected to negotiate and execute the charter agreement with Big Hog.[51] Defendant's argument is supported by evidence that the charter agreement relied on by Plaintiff is signed by Big Hog and Plaintiff, not Defendant and Plaintiff.[52] Plaintiff alleges it sent Defendant a charter agreement showing Defendant as the charterer, but Defendant returned the contract having replaced itself with Big Hog as the charterer.[53] Plaintiff claims it signed the agreement without realizing Defendant had made this alteration and that Defendant's actions in making this change were fraudulent. However, as even broad and conclusory allegations can suffice as a meritorious defense and because any doubt should be weighed in favor of the party moving to set aside the default, Defendant has offered at least a "hint of a suggestion" that Plaintiff knowingly contracted with Big Hog and not Defendant. As a result, Defendant has presented a meritorious defense for purposes of this motion.

## CONCLUSION

Because the Court finds that Defendant did not willfully default, that Plaintiff will not face prejudice from an order setting aside the default, and that Defendant presented a meritorious defense for purposes of this motion, Defendant is entitled to relief under Rule 60(b)(1).[54]

---

[51] R. Doc. 20-4 at p. 4.
[52] R. Doc. 17-1.
[53] R. Doc. 1 ¶ 14.
[54] *Jenkins & Gilchrist v. Groia & Co.*, 542 F.3d 114, 119 (5th Cir. 2008). Because Defendant is entitled to relief under Rule 60(b)(1), the Court need not address Defendant's other claims for relief under different prongs of Rule 60(b).

**IT IS ORDERED** that Arroyo Terminals, LLC's Motion for Relief from Default Judgment[55] is **GRANTED** and the default judgment entered against Arroyo Terminals, LLC is **VACATED**.[56]

**IT IS FURTHER ORDERED** that Arroyo Terminals, LLC file a responsive pleading within 21 days of the issuance of this order.

**IT IS FURTHER ORDERED** that the Clerk's Office re-open this matter.

**New Orleans, Louisiana, this day 5th of January, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[55] R. Doc. 20.
[56] Defendant's Motion to Strike at R. Doc. 26 is **DENIED**.