AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Louisiana

Marquette Transportation Company, Gulf-Inland, LLC
*Plaintiff*
v.
Arroyo Terminals, LLC and Big Hog Energy, LLC
*Defendant*

Civil Action No. 2:25-cv-000651

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Heartland Barge Management, LLC
through its registered agent for service of process, Robert Ligon at 10397 Bank St Ext. Clinton, LA 70722

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Please see detailed description of the materials sought attached as Exhibit A.

| Place: DAVID W. NANCE LAW FIRM LLC 3912 Constance Street, New Orleans, LA 70115. Documents shall be produced electronically by secure file transfer or other agreed electronic means. No in-person appearance is required. | Date and Time: 03/19/2026 10:00 am |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/26/2026

*CLERK OF COURT*

OR

/s/ David W. Nance

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Arroyo Terminals, LLC, who issues or requests this subpoena, are:

David W. Nance, 3912 Constance Street, New Orleans, LA 70115; david@dwnlaw.com; cell 1-504-450-3938

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:25-CV-000651

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* Heartland Barge Management, LLC on *(date)* February 26, 2026.

[X] I served the subpoena by delivering a copy to the named individual as follows: through Jackie Brian, Authorized Employee Ligon Law Office, 10397 Banks St. Ext., Clinton, LA 70722 on *(date)* Friday, February 27, 2026, 2:22 pm; or

[ ] I returned the subpoena unexecuted because: ____________________.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 0.

My fees are $ 0 for travel and $ 179.55 for services, for a total of $179.55.

I declare under penalty of perjury that this information is true.

Date: 2/27/2026

Herbert Battistella

*Server's signature*

Herbert Battistella, Process Server

*Printed name and title*

CAPITAL PROCESS SERVICE, LLC........................................
P.O. Box 77136, Baton Rouge, LA 70879-3136 ………….........
225-756-2537 • www.BatonRougeProcessServer.com................

*Server's address*

Additional information regarding attempted service, etc.:
Successful Service: February 27, 2026, 2:22 pm CST at Ligon Law Office: 10397 Banks St Ext, Clinton, LA 70722.
Received by Jackie Brian, Authorized Employee Ligon Law Office. Age: 60; Ethnicity: Caucasian; Gender: Female; Weight: 155; Height: 5'5"; Hair: Brown.

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**

**VERSUS**

**ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC**

**CIVIL ACTION NO. 2:25-CV-00651**

**JUDGE SUSIE MORGAN**

**MAGISTRATE JUDGE JANIS VAN MEERVELD**

**EXHIBIT A TO SUBPOENA TO PRODUCE EVIDENCE**

**DEFINITIONS**

As used herein, the following terms are defined as follows:

A. “Marquette” means Marquette Transportation Company Gulf-Inland, LLC and its officers, directors, agents, employees, predecessors, successors and assigns, parent companies, and subsidiaries.

B. “Arroyo” means Arroyo Terminals, LLC and its officers, directors, agents, employees, predecessors, successors and assigns, parent companies, and subsidiaries.

C. “Big Hog” means Big Hog Energy, LLC and its officers, directors, agents, employees, predecessors, successors and assigns, parent companies, and subsidiaries.

D. “James Jensen” means James Jensen, individually, and any entity acting on his behalf.

E. “Max Jensen” means Max Jensen, individually, and any entity acting on his behalf.

F. “Communication” means every manner or means of disclosure, transfer, or exchange of information, whether orally, face-to-face, or by telephone, mail, personal delivery, electronic delivery, e-mail, text message, electronic instant message (e.g., WhatsApp, Facebook Messenger, iMessage, or similar apps/systems), document, or otherwise.

G. “Document” shall have the broadest meaning afforded under the Federal Rules of Civil Procedure, including all non-identical copies of any written, printed, typed, recorded, filmed, punched, transcribed, taped or other graphic matter of any kind or nature, however produced or reproduced, whether in hard copy, electronic, or other form, and includes, without limitation, memoranda, reports, financial statements, affidavits, handwritten and other notes, letters, electronic mail messages, text messages, chat messages, telephone messages, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, summaries or records of meetings or conferences,

statements, summaries, opinions, desk calendars, appointment books, diaries, billing records, checks, bank account statements, and invoices.

H. "Fully Found Charter" means the charter agreement titled "Fully Found Charter" entered into by and between Marquette and Big Hog on or about August 30, 2024.

I. "Person" means and includes all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, any other form of business organization or arrangement, or any form of public, private or legal entity.

J. "Relating to" and "Related to" include, without limitation, referring to, relating to, constituting, comprising, containing, setting forth, summarizing, reflecting, stating, describing, recording, noting, embodying, studying, analyzing, discussing, evaluating, or directly or indirectly having any logical or factual connection with the matter addressed.

K. "Vessel" means the M/V RISEN SAVIOUR as described in the Complaint.

L. "You" and "Your" means Heartland Barge Management, LLC including its officers, directors, agents, employees, predecessors, successors and assigns, parent companies, and subsidiaries, whether acting directly or through any representative and/or agent.

## INSTRUCTIONS

1. This subpoena covers all Documents and information in Your possession, custody, or control, including, without limitation, information in the possession of any of Your attorneys, agents, servants, representatives, or consultants, as well as any Documents or information maintained in any messaging platform, mobile device, cloud account, or brokerage system used by You in the ordinary course of business, and including any Documents or information in the possession of other Persons directly or indirectly employed, retained by, in privity with, or otherwise acting on Your behalf or subject to Your control.

2. For each Document requested, produce the entire original Document, along with all attachments, appendices, enclosures, and exhibits, and any copies that are not identical to the original (whether because of notes made on, or attached to, such copy or otherwise), regardless of whether You consider the attachments, appendices, enclosures, and exhibits to be relevant or responsive.

3. Should You withhold any Document under a claim of privilege or not produce for whatever reason, You must: (a) state with specificity the claim of privilege or other reason used to withhold the Document from production; and (b) identify each Document by (i) date; (ii) name, occupation, and job title of the author; (iii) name, occupation, and job title of the individual to whom the allegedly privileged matter emanated; and (iv) subject matter, without disclosing the Document's contents, in a manner sufficient to allow it to be described to the Court for a ruling on privilege or other reasons asserted.

4. Should You object to any portion of this subpoena, provide all information called for by that portion to which You do not object. State with reasonable particularity the reason for Your objection to the remainder.

5. If, in responding to a request, You claim any ambiguity in interpreting either the request, or an applicable definition or instruction, such claim shall not be used as a basis for refusing to respond, but You should set forth as part of Your response the language deemed to be ambiguous, and the interpretation chosen or used in responding.

6. Each Document produced by You is to be marked with consecutive document control numbers.

7. If, in responding to a request, You claim that any responsive Document was in existence at one time, but no longer exists, identify any and all such Documents with particularity, including in Your identification the particular circumstances surrounding the destruction of the Document(s).

8. The singular form of any noun or pronoun includes the plural, and vice versa. Terms in the present tense include terms in the past tense, and terms in the past tense include terms in the present tense.

9. With respect to each Document You produce in response to this subpoena, Your response should indicate to which Request(s) it is responsive.

10. All Documents must be produced in an electronic format. You must produce files created in Microsoft Office, Adobe (PDF), or any similar program in their native application file format. Additionally, all e-mail correspondence, together with all attachments to any emails, must be produced natively. You must produce scanned paper documents in PDF form with OCR text created from the scanned images.

11. This subpoena is a continuing request. If You discover additional responsive Documents after producing Your initial response, You must promptly supplement Your production.

12. Unless otherwise stated or clearly implied, this subpoena seeks Documents and Communications created, sent, or received from January 1, 2024, through the present.

**DOCUMENT REQUESTS**

Request No. 1: Produce a copy of every Document and Communication between You and **Marquette**, Arroyo, Big Hog, James Jensen, and/or Max Jensen Relating to the Fully Found Charter, including, without limitation, all drafts, negotiations, revisions, and executed versions thereof. This request includes, without limitation, all Documents and Communications related to discussions or negotiations regarding the charter of a vessel from Marquette prior to any agreement on the Fully Found Charter itself.

Request No. 2: Produce a copy of every Document and Communication Relating to any instruction, direction, or request by **Marquette**, Arroyo, Big Hog, James Jensen, and/or Max Jensen to modify, change, or alter the Fully Found Charter.

Request No. 3: Produce a copy of every Document and Communication Relating to the credit, creditworthiness, or financial condition of Arroyo, Big Hog, James Jensen, and/or Max Jensen that was considered, discussed, requested, transmitted, or relied upon in connection with the negotiation, approval, execution, performance, or termination of the Fully Found Charter, including without limitation any credit checks or discussions of alternative charterers.

Request No. 4: Produce a copy of every Document and Communication Relating to any brokerage agreement, engagement letter, or contract governing or relating to Your role as broker or intermediary between You and **Marquette**, Arroyo, Big Hog, James Jensen, and/or Max Jensen.

Request No. 5: Produce a copy of every Document and Communication Relating to the termination, cancellation, or early termination of the Fully Found Charter.

Request No. 6: Produce a copy of every Document and Communication Relating to any amounts owed, invoiced, or paid under the Fully Found Charter, including, without limitation, charter hire, termination fees, and any disputes regarding payment.

Request No. 7: Produce all telephone records, call logs, and any notes, summaries, or memoranda of telephone calls reflecting telephone calls or voice communications between You and Arroyo, Big Hog, James Jensen, Max Jensen, and/or Marquette Relating to the Fully Found Charter or the substitution of Big Hog for Arroyo as charterer.

Request No. 8: Produce all Documents and Communications Relating to any understanding, agreement, or acknowledgment by You that Big Hog Energy substituted for Arroyo Terminals as the charterer under the Fully Found Charter.

Request No. 9: Produce all Documents and Communications among or between Your officers, employees, agents, or representatives Relating to the Fully Found Charter, including internal emails, text messages, chat messages, notes, memoranda, or summaries reflecting Your internal understanding of the identity of the charterer, the substitution of Big Hog for Arroyo, or the status of the Fully Found Charter.

Request No. 10: Produce all Documents and Communications Relating to the authority of any Person to negotiate, approve, or execute the Fully Found Charter on behalf of Arroyo Terminals or Big Hog Energy, including any instructions regarding who was authorized to sign or bind either entity.

Request No. 11: Produce all Documents and Communications between You and any insurer, underwriter, surety, or third party Relating to the Fully Found Charter, including any communications Relating to risk, coverage, or the identity of the charterer.

Request No. 12: Produce all Documents and Communications Relating to the retention, deletion, destruction, or loss of any Documents or Communications Relating to the Fully Found Charter, including any document retention policies in effect during the relevant time period.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC** | **CIVIL ACTION NO. 2:25-CV-00651** |
| **VERSUS** | **JUDGE SUSIE MORGAN** |
| **ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

**CERTIFICATE OF SERVICE**

I hereby certify that, pursuant to Fed. R. Civ. P. 45(a)(4), notice and a copy of the Subpoena Duces Tecum issued to Heartland Barge Management, LLC were served upon all counsel of record via electronic mail and any unrepresented parties by first-class mail on February 26, 2026, prior to service of the subpoena on the non-party.

*/s/ David W. Nance*