**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC**

**VERSUS**

**ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC**

**CIVIL ACTION NO. 2:25-CV-00651**

**JUDGE SUSIE MORGAN**

**MAG. JUDGE JANIS VAN MEERVELD**

**ANSWER OF DEFENDANTS ARROYO TERMINALS, LLC AND JAMES JENSEN TO AMENDED COMPLAINT**

Defendants Arroyo Terminals, LLC ("Arroyo") and James L. Jensen ("Jensen"), through undersigned counsel, submit this Answer to Plaintiff's Amended Complaint (Rec. Doc. 54). All allegations not expressly admitted are denied.

## I. RESPONSES TO NUMBERED ALLEGATIONS

1. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Arroyo admits only that it is a Texas limited liability company, and Defendants deny all remaining allegations in Paragraph 2 of the Complaint.

3. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Jensen admits only that he is an individual and denies the remaining allegations of Paragraph 4A of the Complaint.

5. Defendants admit only that Plaintiff purports to invoke admiralty jurisdiction pursuant to Rule 9(h) and 28 U.S.C. §1333 and deny all remaining allegations of the second Paragraph 4B of the Complaint.

6. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

7. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

8. Defendants deny the allegations contained in Paragraph 7 of the Complaint.

9. Defendants deny the allegations in Paragraph 8 of the Complaint.

10. Defendants deny the allegations in Paragraph 9 of the Complaint.

11. Defendants deny the allegations in Paragraph 10 of the Complaint.

12. Defendants deny the allegations contained in Paragraph 11 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

15. Defendants admit only that a Fully Found Charter identifying Big Hog as charterer was transmitted and deny all remaining allegations of Paragraph 14 of the Complaint.

16. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

18. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

19. Defendants admit only that Plaintiff sent communications referencing alleged payment obligations and deny all remaining allegations of Paragraph 18 of the Complaint.

20. Defendants deny the allegations contained in Paragraph 19 of the Complaint.

21. Defendants deny the allegations contained in Paragraph 20 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 21 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

25. Defendants deny the allegations contained in Paragraph 24 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

36. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

37. Defendants deny the allegations contained in Paragraph 36 of the Complaint.

38. To the extent Plaintiff's Complaint contains allegations not specifically addressed herein, Defendants deny same.

## II. AFFIRMATIVE DEFENSES

39. Without admitting any liability and expressly reserving the right to amend these defenses as discovery proceeds, Defendants assert the following affirmative defenses:

a) **Failure to State a Claim.** Plaintiff's Complaint fails to state a claim upon which relief can be granted against Arroyo.

b) **Lack of Privity / Wrong Party.** Plaintiff's claims are barred, in whole or in part, because Plaintiff has not established privity of contract or a legally enforceable obligation owed by Arroyo to Plaintiff.

c) **No Breach by Arroyo.** Plaintiff's claims are barred to the extent they require proof that Arroyo breached any enforceable contract with Plaintiff.

d) **No Detrimental Reliance.** Plaintiff's detrimental reliance claim fails for lack of the required elements, including but not limited to reasonable reliance and causation.

e) **Unjust Enrichment Not Available.** Plaintiff's unjust enrichment claim fails as a matter of law to the extent the subject matter is governed by alleged contracts or other available remedies.

f) **No Fraud; Rule 9(b).** To the extent Plaintiff alleges fraud, misrepresentation, or fraudulent inducement, such claims fail for lack of particularity and/or failure to plead essential elements.

g) **No Basis for Reformation.** Plaintiff's reformation claim fails because Plaintiff has not pleaded or proven the elements necessary to reform a contract, including mutual error or other legally sufficient grounds.

h) **Open Account Not Applicable.** Open account claim is barred because the alleged maritime charter does not constitute an "open account" within the meaning of La. R.S. 9:2781, and Plaintiff has not established the essential elements of such a claim against Arroyo.

i) **Mitigation.** Plaintiff's recovery, if any, is barred or reduced by Plaintiff's failure to mitigate damages.

j) **Comparative Fault / Third-Party Fault.** Any damages, if any, were caused in whole or in part by acts or omissions of third parties for which Arroyo is not responsible.

k) **Failure of Consideration / No Contract Formation With Arroyo.** Plaintiff's contract-based claims are barred, in whole or in part, because Arroyo did not execute the alleged charter party and Plaintiff has not pleaded or proven any legally sufficient basis to bind Arroyo as a non-signatory.

l) **Reservation of Defenses.** Defendants reserve all defenses available under the Federal Rules of Civil Procedure, including those under Rules 12 and 56,

and reserve the right to amend or supplement these defenses as additional facts are developed through discovery.

m) **Laches (Maritime Law).** Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches under federal maritime law due to Plaintiff's delay in asserting inconsistent positions regarding the identity of the charterer.

n) **Estoppel.** Plaintiff is estopped from asserting claims inconsistent with the executed Fully Found Charter identifying Big Hog as charterer.

o) **Waiver.** Plaintiff waived any claim that Arroyo was charterer by accepting performance and communications referencing Big Hog as charterer.

p) **No Personal Liability of Jensen.** Plaintiff has failed to plead facts sufficient to impose individual liability on Jensen. Plaintiff does not allege facts sufficient to pierce the corporate veil or establish an independent tort duty owed by Jensen.

q) **Maritime Law Controls.** Plaintiff's claims are governed by federal maritime law, which enforces the written charter agreement and does not permit reformation absent legally sufficient grounds.

r) **No Mutual Error.** Plaintiff cannot establish mutual mistake or other grounds required for contract reformation.

s) **No Justifiable Reliance.** Plaintiff cannot establish reasonable reliance on alleged statements inconsistent with the written charter identifying Big Hog as charterer.

t) **Integration Clause.** The Fully Found Charter constitutes the entire agreement of the parties and supersedes prior negotiations or understandings.

## III. PRAYER FOR RELIEF

WHEREFORE, Defendants Arroyo Terminals, LLC and James L. Jensen respectfully pray that Plaintiff's Amended Complaint be dismissed with prejudice as to Defendants; that judgment be entered in favor of Defendants and against Plaintiff; that Defendants be awarded their costs and all other relief to which they are entitled; and that the Court grant such further relief as is just and proper.

Respectfully submitted,

DAVID W. NANCE LAW FIRM LLC

BY: */s/ David W. Nance*

David W. Nance (La. Bar #25467)
3912 Constance Street
New Orleans, Louisiana 70113
Cell: (504) 450-3938
Email: david@dwnlaw.com

COUNSEL FOR DEFENDANTS
ARROYO TERMINALS, LLC
AND JAMES L. JENSEN

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of March 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all registered CM/ECF participants.

I further certify that a copy of the foregoing has been served by U.S. first-class mail or email (by written consent) or hand delivery upon non–CM/ECF parties or their counsel of record:

*/s/ David W. Nance*