UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARQUETTE TRANSPORTATION COMPANY GULF-INLAND, LLC

VERSUS

ARROYO TERMINALS, LLC AND BIG HOG ENERGY, LLC

CIVIL ACTION NO. 2:25-CV-00651

JUDGE ANNA ST. JOHN

MAG. JUDGE JANIS VAN MEERVELD

**FIRST AMENDED ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANTS ARROYO TERMINALS, LLC AND JAMES L. JENSEN TO AMENDED COMPLAINT**

Defendants Arroyo Terminals, LLC ("Arroyo") and James L. Jensen ("Jensen," and jointly with Arroyo, "Defendants"), through undersigned counsel, submit this First Amended Answer and Defenses and Affirmative Defenses to Plaintiff's Amended Complaint (Rec. Doc. 54, "Complaint"). All allegations not expressly admitted are denied.

## I. RESPONSES TO NUMBERED ALLEGATIONS

1. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of the Complaint.

2. Defendants admit that Arroyo is a Texas limited liability company. Defendants deny all remaining allegations in Paragraph 2 of the Complaint.

3. Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 3 of the Complaint.

4. Defendants admit that Jensen is natural person, a member of Arroyo, and the father of Max Jensen. Defendants deny all remaining allegations of the first Paragraph 4 of the Complaint.[1]

5. Defendants admit that Plaintiff alleges this Court has admiralty jurisdiction pursuant to Rule 9(h) and 28 U.S.C. §1333 because this case allegedly involves a maritime contract related to chartering of a vessel. Defendants deny all remaining allegations of the second Paragraph 4 of the Complaint.[2]

6. Defendants admit that Jensen interacted with representatives of Plaintiff regarding charter of a vessel beginning on a date in 2024. Defendants deny all remaining allegations contained in Paragraph 5 of the Complaint.

7. Defendants admit that Defendants interacted with representatives of Plaintiff regarding charter of a vessel beginning on a date in 2024. The document entitled "Business Credit Application for New Customers" speaks for itself. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 6 of the Complaint.

8. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 7 of the Complaint.

---

[1] The Complaint repeats its paragraph numbering several times in the Complaint, including by numbering two paragraphs as Paragraph "4." Defendants refer to such repeated paragraph numbers as "first" and "second," where appropriate.

[2] The Complaint does not include any allegations regarding venue or supplemental jurisdiction in this Court. Defendants reserve all rights to file appropriate motions in this regard.

9. The document entitled "Business Credit Application for New Customers" speaks for itself. Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

10. Defendants lack sufficient information to admit or deny the allegations in Paragraph 9 of the Complaint.

11. Defendants lack sufficient information to admit or deny the allegations in Paragraph 10 of the Complaint.

12. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 11 of the Complaint.

13. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 12 of the Complaint.

14. Defendants admit that Jensen interacted with representatives of Plaintiff regarding charter of a vessel beginning on a date in 2024. Defendants lack sufficient information to admit or deny the remaining allegations contained in Paragraph 13 of the Complaint.

15. Defendants admit that a document entitled "Fully Found Charter" was provided to Plaintiff, the contents of which document speak for itself. Defendants deny all remaining allegations of Paragraph 14 of the Complaint.

16. Defendants admit that a document entitled "Fully Found Charter" was provided to Plaintiff, the contents of which document speak for itself. Defendants deny all remaining allegations contained in Paragraph 15 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 16 of the Complaint.

18. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 17 of the Complaint.

19. Defendants admit that Jensen interacted with representatives of Plaintiff regarding charter of a vessel beginning on a date in 2024.. Defendants lack sufficient information to admit or deny the remaining allegations of Paragraph 18 of the Complaint.

20. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 19 of the Complaint.

21. The document entitled "Fully Found Charter" speaks for itself. Defendants deny the remaining allegations contained in Paragraph 20 of the Complaint.

22. Defendants admit that Jensen interacted with representatives of Plaintiff regarding charter of a vessel beginning on a date in 2024. Defendants lack sufficient information to admit or deny the allegations regarding the date or content of emails referenced in Paragraph 21 of the Complaint. Defendants deny all remaining allegations in Paragraph 21 of the Complaint.

23. Defendants admit that Jensen interacted with representatives of Plaintiff regarding charter of a vessel beginning on a date in 2024. Defendants further assert that the document entitled "Fully Found Charter" speaks for itself. Defendants deny all remaining allegations in Paragraph 22 of the Complaint.

24. Defendants deny the allegations contained in Paragraph 23 of the Complaint.

25. Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 24 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

27. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

28. The second Paragraph 24 purports to incorporate by reference the allegations contained in "Paragraphs 1-23" of the Complaint. Defendants incorporate their responses to those paragraphs, stated above, as though set forth in full herein.

29. Defendants deny the allegations contained in the second Paragraph 25 of the Complaint.

30. Defendants deny the allegations contained in the second Paragraph 26 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 27 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

33. Paragraph 29 purports to incorporate by reference the allegations contained in "Paragraphs 1-28" of the Complaint. Defendants incorporate their response to those paragraphs, stated above, as though set forth in full herein.

34. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

36. Paragraph 32 purports to incorporate by reference the allegations contained in "Paragraphs 1-31" of the Complaint. Defendants incorporate their response to those paragraphs, stated above, as though set forth in full herein.

37. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

38. Paragraph 34 purports to incorporate by reference the allegations contained in "Paragraphs 1-33" of the Complaint. Defendants incorporate their response to those paragraphs, stated above, as though set forth in full herein.

39. Defendants deny the allegations in Paragraph 35 of the Complaint.

40. Paragraph 36 purports to incorporate by reference the allegations contained in "Paragraphs 1-35" of the Complaint. Defendants incorporate their response to those paragraphs, stated above, as though set forth in full herein.

41. Defendants deny the allegations in Paragraph 37 of the Complaint, including without limitation all subparts.

42. Defendants deny the allegations in the unnumbered "WHEREFORE" paragraph on page 10 of the Complaint.

43. To the extent Plaintiff's Complaint contains allegations not specifically addressed herein, Defendants deny same.

## II. DEFENSES AND AFFIRMATIVE DEFENSES

44. Without admitting any liability and expressly reserving the right to amend these defenses as discovery proceeds, and without assuming the burden of proof as to the following (other than any burden imposed by law), Defendants assert the following defense and affirmative defenses:

   a) **Failure to State a Claim.** Plaintiff's Complaint fails to state a claim upon which relief can be granted against Arroyo.

b) **Lack of Privity / Wrong Party.** Plaintiff's claims are barred, in whole or in part, because Plaintiff has not established privity of contract or a legally enforceable obligation owed by Arroyo to Plaintiff.

c) **No Breach by Arroyo.** Plaintiff's claims are barred to the extent they require proof that Arroyo breached any enforceable contract with Plaintiff.

d) **No Detrimental Reliance.** Plaintiff's detrimental reliance claim fails for lack of the required elements, including but not limited to reasonable reliance and causation.

e) **Unjust Enrichment Not Available.** Plaintiff's unjust enrichment claim fails as a matter of law to the extent the subject matter is governed by alleged contracts or other available remedies.

f) **No Fraud; Rule 9(b).** To the extent Plaintiff alleges fraud, misrepresentation, or fraudulent inducement, such claims fail for lack of particularity and/or failure to plead essential elements.[3]

g) **No Basis for Reformation.** Plaintiff's reformation claim fails because Plaintiff has not pleaded or proven the elements necessary to reform a contract, including mutual error or other legally sufficient grounds.

h) **Open Account Not Applicable.** Open account claim is barred because the alleged maritime charter does not constitute an "open account" within the

[3] Defendants reserve the right to file a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c) based on Plaintiff's failure to adequately allege fraud under Rule 9(b).

meaning of La. R.S. 9:2781, and Plaintiff has not established the essential elements of such a claim against Defendants.

i) **Mitigation.** Plaintiff's recovery, if any, is barred or reduced by Plaintiff's failure to mitigate damages.

j) **Comparative Fault / Third-Party Fault.** Any damages, if any, were caused in whole or in part by acts or omissions of Plaintiff or third parties for which Defendants are not responsible.

k) **Failure of Consideration / No Contract Formation With Arroyo.** Plaintiff's contract-based claims are barred, in whole or in part, because Arroyo did not execute the alleged charter party, there was failure of consideration in any alleged agreement with Arroyo, and Plaintiff has not pleaded or proven any legally sufficient basis to bind Arroyo as a non-signatory.

l) **Reservation of Defenses.** Defendants reserve all defenses available under the Federal Rules of Civil Procedure, including those under Rules 12 and 56, and reserve the right to amend or supplement these defenses as additional facts are developed through discovery.

m) **Laches (Maritime Law).** Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of laches under federal maritime law due to Plaintiff's delay in asserting inconsistent positions regarding the identity of the charterer.

n) **Estoppel.** Plaintiff is estopped from asserting claims inconsistent with the executed Fully Found Charter identifying Big Hog as charterer.

o) **Waiver.** Plaintiff waived any claim that Arroyo was charterer by accepting performance and communications referencing Big Hog as charterer.

p) **No Personal Liability of Jensen.** Plaintiff has failed to plead facts sufficient to impose individual liability on Jensen. Plaintiff does not allege facts sufficient to pierce the corporate veil or establish an independent tort duty owed by Jensen.

q) **Maritime Law Controls.** Plaintiff's claims are governed by federal maritime law, which enforces the written charter agreement and does not permit reformation absent legally sufficient grounds.

r) **No Mutual Error.** Plaintiff cannot establish mutual mistake or other grounds required for contract reformation.

s) **No Justifiable Reliance.** Plaintiff cannot establish reasonable reliance on alleged statements inconsistent with the written charter identifying Big Hog as charterer.

t) **Integration Clause.** The Fully Found Charter constitutes the entire agreement of the parties and supersedes prior negotiations or understandings.

## III. PRAYER FOR RELIEF

WHEREFORE, Defendants Arroyo Terminals, LLC and James L. Jensen respectfully pray that Plaintiff's Amended Complaint be dismissed with prejudice as to Defendants; that judgment be entered in favor of Defendants and against Plaintiff; that Defendants be awarded their costs, attorneys' fees to the extent recoverable under applicable law, and all other relief to which they are entitled; and that the Court grant such further relief as is just and proper.

Respectfully submitted,

DAVID W. NANCE LAW FIRM LLC

BY: *__/s/ David W. Nance__*

David W. Nance (La. Bar #25467)
3912 Constance Street
New Orleans, Louisiana 70113
Cell: (504) 450-3938
Email: david@dwnlaw.com

COUNSEL FOR DEFENDANTS
ARROYO TERMINALS, LLC
AND JAMES L. JENSEN

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of May 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all registered CM/ECF participants.

I further certify that a copy of the foregoing has been served by U.S. first-class mail or email (by written consent) or hand delivery upon non–CM/ECF parties or their counsel of record:

*__/s/ David W. Nance__*